IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

UNITED STATES OF AMERICA,          *
                                   *
        Plaintiff,                 *
                                   *
        v.                         *        CV 625-082
                                   *
$834,592.35 IN U.S. CURRENCY,      *
                                   *
        Defendant.                 *
                                   *
_____

**O R D E R**

Presently before the Court is the Government's motion for default judgment and final order of forfeiture. (Doc. 8.) For the following reasons, this motion is **GRANTED**.

**I. BACKGROUND**

On October 24, 2025, the Government filed a verified complaint for forfeiture in rem (the "Verified Complaint") against $834,592.35 in U.S. Currency (the "Defendant Currency"), seized on or about August 14, 2025, from Synovus Bank commercial checking account ending in 920-7. (See Doc. 1, at 2.) The Verified Complaint alleges that the Defendant Currency is property (1) "involved in or attempted to be involved in, or traceable to such property involved in Money Laundering and Money Laundering Conspiracy in violation of 18 U.S.C. §§ 1956, 1957, 1956(h)" and (2) "which constitutes or is derived from proceeds traceable to

violations of Wire Fraud, Bank Fraud, and Wire and Bank Fraud Conspiracy in violation of 18 U.S.C. §§ 1343, 1344, 1349." (Id. at 1-2.)   Therefore, the Defendant Currency is subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C), respectively.   (Id. at 1-2.)

On October 27, 2025, the Government served the "Owner," "Person 1," and the "Business"[1] as identified in the Verified Complaint with the Verified Complaint and warrant for arrest in rem.   (Doc. 1, at 6-7; Doc. 3, at 4.)   The Government published a Notice of Forfeiture on its official website (www.forfeiture.gov) for thirty consecutive days, beginning on October 29, 2025, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.   (Doc. 5, at 1.)   To date, no person has filed an answer to the Verified Complaint or a claim to the Defendant Currency in this action.

On January 8, 2026, the Government moved the Clerk of Court to enter default and supported its motion with an affidavit. (Docs. 6, 6-1.)   On January 9, 2026, the Clerk entered default. (Doc. 7.)   The Government now moves the Court to enter a default judgment and final order of forfeiture against the Defendant Currency and any potential claimants.   (Doc. 8.)

---

[1] Marcus Kirkland, Special Agent of the Federal Bureau of Investigation, states he hand-delivered three copies of the Notice of Forfeiture, Verified Complaint, warrant for arrest in rem, and F.R.C.P. 12 to Owner, who accepted the documents on behalf of Owner, the Business, and Person 1.   (Doc. 4-1, at 1.)   The Government states Owner owns the Business, and Owner and Person 1 are close family members. Id.

## II. DISCUSSION

"Obtaining a default judgment is a two-step process: first, the plaintiff must seek an entry of default from the clerk of court; and second, after the clerk has made an entry of default, the plaintiff can seek a default judgment." United States v. $11,000.00 in U.S. Funds, No. 5:08-CV-102, 2009 WL 198013, at *2 (M.D. Ga. Jan. 27, 2009) (citing FED. R. CIV. P. 55). "An entry of default and subsequent entry of default judgment are appropriate '[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend.'" Id. (quoting FED. R. CIV. P. 55(a)) (alteration in original).

Where — as here — the Government brings a civil forfeiture action in rem which arises from a federal statute, it must comply with Supplemental Rule G of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions. See FED. R. CIV. P., SUPP. R. G(1) ("This Rule governs a forfeiture action in rem arising from a federal statute."); see also, e.g., $11,000.00 in U.S. Funds, 2009 WL 198013, at *2.

Based upon the facts currently before the Court, the Government appears to have fully complied with Supplemental Rule G. First, the Verified Complaint was proper under Supplemental Rule G(2) because it was (a) verified; (b) stated the grounds for

3

subject-matter jurisdiction[2] and venue; (c) described the property with reasonable particularity; (d) stated the location of the property when it was seized; (e) identified the federal statute under which the forfeiture action was brought; and (f) stated sufficiently detailed facts to support a reasonable belief that the Government will be able to meet its burden of proof at trial.[3] (See Doc. 1.)

---

[2] The grounds for subject matter jurisdiction are 28 U.S.C. § 1345 (providing that district courts shall have original jurisdiction of all civil proceedings commenced by the United States) and 28 U.S.C. § 1355(a)-(b) (providing that district courts shall have original jurisdiction of forfeiture proceedings arising under federal law and that the forfeiture proceeding may be brought in the district where any of the acts or omissions giving rise to the forfeiture occurred). Here, the Defendant Currency was involved in criminal wire fraud and bank fraud schemes that occurred within the Southern District of Georgia. (Doc. 1, at 3.)

[3] The factual allegations in the Verified Complaint, now admitted by default, are sufficient to establish that the Defendant Currency is subject to forfeiture. (See Doc. 1.) In September 2023, Owner entered into a business agreement with three individuals of Genesis Marketing ("GM"). (Id. at 7.) Per the agreement, Owner was to electronically author and submit to Synovus Bank the requisite forms to allow payments from remotely created checks into the Owner's Lockbox Deposit Service account (the "Account"). (Id.) Such payments came from GM clients, who "purportedly purchased insurance policies from individual agents." (Id.) From November 21, 2023 to December 12, 2023, Synovus Bank electronically deposited payments into the Account totaling $3,159,806.64. (Id. at 8.) The originating financial institutions of the remotely created checks immediately notified Synovus Bank of the suspected fraud after many customers reported the checks as unauthorized. (Id. at 8-10.) Synovus Bank used approximately $2,033,657.00 of the money in the Account to indemnify the defrauded customers. (Id. at 10.) On December 5, 2023, Synovus Bank Federal Crimes Investigator Calvin Collins interviewed Owner, who said he was the only person with access and control over the Account. (Id.) Owner stated he was told by GM to wire specific amounts to other accounts and wired $180,247.76 and $498,798.70 to bank accounts associated with GM. (Id.) Owner said he had been "baited" and acknowledged the Account was likely to propagate fraud via the Lockbox Deposit Service deposits. (Id. at 11.) As a result, the Defendant Currency constitutes and is derived from proceeds of wire fraud, bank fraud, and wire and bank fraud conspiracy, as well as property involved in money laundering and money laundering conspiracy; thus, Defendant Currency is subject to forfeiture. (Id.) A warrant was executed on August 6, 2025, and Defendant Currency was seized on August 14, 2025, from Synovus Bank Commercial Checking Account Ending in 920-7. (Id. at 2.) The Court finds that these admitted factual allegations are sufficient to establish that the Defendant Currency is subject to forfeiture under 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).

4

Second, the Government complied with Supplemental Rule G(4)'s notice requirements. The Government sent a notice of forfeiture and a copy of the Verified Complaint to potential claimants, the "Owner," "Person 1," and the "Business" as identified in the Verified Complaint. See FED. R. CIV. P., SUPP. R. G(4)(b)(i), (iii) ("The government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant" and "[t]he notice must be sent by means reasonably calculated to reach the potential claimant."). The Government also published the notice of forfeiture on its official website for thirty consecutive days, which satisfied the publication requirement under Rule G(4)(a)(i) and (a)(iv)(C).

Supplemental Rule G(5) provides that "[a] person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending" within thirty-five days from the date direct notice is sent or, if direct notice was not sent to the claimant, within sixty days after the first date of publication on the Government's official website. See FED. R. CIV. P., SUPP. R. G(5)(a)(i),(ii). Once a claimant has filed a claim to the seized property, the claimant must also serve and file an answer to the forfeiture complaint within twenty-one days after filing the claim. See FED. R. CIV. P., SUPP. R. G(5)(b).

Here, neither a claim nor an answer has been filed, and the time for filing has expired. The failure to plead or otherwise

5

defend the action warrants the entry of a default judgment against all potential claimants to the Defendant Currency pursuant to Federal Rule of Civil Procedure 55.

## III. CONCLUSION

For the reasons stated above, the Government's motion for default judgment and final order of forfeiture (Doc. 8) is hereby **GRANTED**. All rights, title, and interest in the Defendant Currency is hereby forfeited to and vested in the United States, which shall have clear title to this property, may warrant good title to any subsequent transferee, and shall dispose of the property in accordance with the law. The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff, **TERMINATE** all deadlines and motions, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this ____2nd____ day of April, 2026.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

6